IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**UNITED STATES OF AMERICA,**

v.                                                          **Criminal Action No. 2:24-CR-04 (KLEEH)**

**NITESH RATNAKAR,**

         Defendant.

## PROTECTIVE ORDER

On this day, the above-captioned criminal action came before this Court for consideration of the United States' Unopposed Motion for Protective Order. In the motion, the United States requests that this Court enter a Protective Order restricting discovery in lieu of redactions of personal identifying information included in the discovery. The defendant does not oppose the motion, and the defendant and the attorney for the government have agreed to the below-outlined language of a Protective Order.

Upon careful consideration of the above, this Court finds good cause to restrict discovery as requested and hereby **GRANTS** the motion. Accordingly, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and Rule 16.09 of the Local Rules of Criminal Procedure, this Court hereby **ORDERS** as follows:

1. The United States shall disclose its discovery to counsel for the defendant via encrypted, password-protected electronic media devices. When appropriate, such as in the case of any non-voluminous disclosures, the United States may utilize a secure file transfer system known as USA File Exchange ("USAfx") to electronically effectuate a discovery disclosure. Disclosures

will be made in a manner such that each counsel for the defendant, including local counsel, has a separate copy of the disclosures.

2. Counsel for the defendant shall not create any additional electronic copies of the provided electronic media devices or the materials provided via USAfx. Counsel for the defendant may make two (2) hard paper copies of the discovery for review purposes. Counsel for the defendant may share the provided electronic media devices and/or any hard paper copies with any employee of the firm for counsel for the defendant, who is assigned to review the same. For viewing purposes only, counsel for the defendant may also download the files to his computer and/or the computer of an employee assigned to review the discovery.

3. Counsel for the defendant shall maintain the provided copies of the electronic media devices and any materials provided via USAfx, and the two (2) hard paper copies of the discovery, in a secure location.

4. Counsel for the defendant may provide an electronic copy of the discovery to the defendant. Because most of the personal identifying information in the discovery concerns individuals for which the defendant already has access to such sensitive information in his position as employer, counsel for the defendant is not required to redact personal identifying information. In any event, the defendant shall agree not to disclose the personal identifying information to anyone outside his defense team and to return all discovery to defense counsel following the closing of this criminal action.

5. Notwithstanding the above, counsel for the defendant may provide one (1) electronic copy, or one (1) hard paper copy, of the discovery to any retained expert, as long as the expert agrees to abide by the terms of this Order.

6.  Counsel for the defendant shall destroy the discovery, both electronic and hard copies, pursuant to the protocol of his office, not to exceed within five (5) years following the date on which the criminal action is closed.

7.  The United States shall ensure that any materials uploaded to USAfx are no longer available on USAfx after the closing on this criminal action.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** ___March 11___, 2024.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE