IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

   Plaintiff,

v.         Crim. Action No. 2:24-CR-4
             (Kleeh)

NITESH RATNAKAR,

   Defendant.

---

### INSTRUCTIONS OF LAW TO THE JURY

#### <u>Introduction</u>

Now that you have heard the evidence, it is my job to tell you about the laws that apply to this case. As jurors, you have two jobs. First, you must determine from the evidence what the facts of this case are. Second, you must apply the rules of law, which I will give you, to those facts in order to determine whether **Nitesh Ratnakar** is guilty or not guilty of the crimes charged in the Indictment.

I will be sending a copy of these instructions to the jury room with you; however, you are not to single out any one instruction as stating the law but must consider the instructions as a whole.

The Judge has no right to tell the jury what facts have been established by the evidence. In turn, the jury has no right to make decisions as to what law applies to this trial.

USA v. Ratnakar                                                    2:24-CR-4

### INSTRUCTIONS OF LAW TO THE JURY

32                               **Evidence Generally**

33          There are two types of evidence which are generally presented

34 during a trial: direct evidence and circumstantial evidence.

35 Direct evidence is the testimony of a person who asserts or claims

36 to have actual knowledge of a fact, such as an eyewitness.

37 Circumstantial evidence is proof of a chain of facts and

38 circumstances indicating the existence of some further fact which,

39 in a criminal case, may bear on the guilt or innocence of a

40 Defendant.

41          As a general rule, the law makes no distinction between the

42 weight to be given to either direct or circumstantial evidence,

43 but simply requires that, before convicting an accused, the jury

44 be satisfied of the accused's guilt beyond a reasonable doubt from

45 all of the evidence in the case. Furthermore, no greater degree of

46 certainty is required of circumstantial evidence than is required

47 of direct evidence.

48          Inferences are deductions or conclusions that reason and

49 common sense lead you to draw, based on the facts that have been

50 established by the evidence in the case. Common sense is no

51 substitute for evidence, but common sense should be used by you to

52 evaluate what reasonably may be inferred from circumstantial

53 evidence. Therefore, you are permitted to use your common sense in

54 evaluating all the evidence, including circumstantial evidence,

USA v. Ratnakar                                                    2:24-CR-4

## INSTRUCTIONS OF LAW TO THE JURY

55  that the Government has presented to you in an attempt to prove

56  beyond a reasonable doubt the guilt of Nitesh Ratnakar.

57      The evidence in this case consists of the sworn testimony of

58  all witnesses, regardless of who may have called them; all exhibits

59  received in evidence, regardless of who may have produced them;

60  and all facts that were admitted.

61      Questions, statements, and arguments of counsel are not

62  evidence in the case.

63      Any evidence as to which an objection was sustained by the

64  Court, and any evidence ordered stricken by the Court, must be

65  entirely disregarded, or considered only for the limited purposes

66  for which the evidence was admitted. This includes any hearsay

67  objections overruled because the testimony was not offered for the

68  truth of the matter asserted. Such evidence may only be considered

69  for the stated purpose of its admission.

70      Anything you may have seen or heard outside of the courtroom

71  is not evidence and must be entirely disregarded.

72      You are to consider only the evidence in this case. But in

73  your consideration of the evidence, you are not limited to the

74  mere statements of the witnesses. In other words, you are not

75  limited solely to what you have seen and heard as the witnesses

76  testified. You are permitted to draw from the facts that you find

77  have been proven, such reasonable inferences as you feel are

USA v. Ratnakar                                                    2:24-CR-4

### INSTRUCTIONS OF LAW TO THE JURY

78    justified in the light of your experience.

79    Neither by these instructions, nor by any ruling that I have

80    made, have I meant to indicate any opinion as to the facts of this

81    trial. The true facts of this trial are for you, the jury, to

82    decide.

83                                **Witnesses**

84    You, as jurors, are the sole judges of the credibility of the

85    witnesses and the weight their testimony deserves. You are free to

86    believe all, a portion, or none of a witness's testimony.

87    You should carefully scrutinize all of the testimony given,

88    the circumstances under which each witness has testified, and every

89    matter in evidence that tends to show whether a witness is worthy

90    of belief. Consider each witness's intelligence, motive, and state

91    of mind, as well as his or her demeanor and manner while on the

92    stand. Consider the witness's ability to observe the matters as to

93    which he or she has testified, and whether he or she impresses you

94    as having an accurate recollection of these matters. Consider also

95    any relation each witness may bear to either side of the case; the

96    manner in which each witness might be affected by the verdict; and

97    the extent to which, if at all, each witness's testimony is either

98    supported or contradicted by the evidence in the case.

99    Inconsistencies or discrepancies in the testimony of any

100   witness, or between the testimony of different witnesses, may or

USA v. Ratnakar                                                    2:24-CR-4

### INSTRUCTIONS OF LAW TO THE JURY

101  may not cause you, the jury, to discredit such testimony. Two or

102  more persons witnessing an incident or a transaction may see or

103  hear it differently. Innocent misrecollection, like failure of

104  recollection, is not an uncommon experience. In weighing the effect

105  of a discrepancy, always consider whether it pertains to a matter

106  of importance or an unimportant detail and whether the discrepancy

107  results from innocent error or intentional falsehood.

108      The testimony of a witness may be discredited or impeached by

109  showing that the witness previously made statements that are

110  inconsistent with the witness's present testimony. The earlier

111  contradictory statements are admissible only to impeach the

112  credibility of the witness and not to establish the truth of these

113  statements. It is the province of the jury to determine the

114  credibility, if any, to be given the testimony of a witness who

115  has been impeached.

116      If you believe that any person testifying in this trial has

117  not told the truth, you may believe such parts of his or her

118  testimony as you believe to be true and reject such parts as you

119  believe to be false. The jury's duty is to determine, from all the

120  evidence presented, and all the circumstances surrounding this

121  trial, which witnesses have testified truthfully, and which ones,

122  if any, have testified falsely.

123      Certainly, this Court does not mean to imply that any witness

## INSTRUCTIONS OF LAW TO THE JURY

124  who has testified before you testified falsely or untruthfully.

125  All the witnesses may have been giving you their very best judgment

126  and honest opinion as to those matters to which they have

127  testified.

128      You, the jury, will have to determine which testimony is more

129  satisfactory to you. Naturally, you may take into consideration

130  the opportunity of each witness to observe and to know the facts

131  concerning which his or her testimony was given.

132                        **<u>Law Enforcement Testimony</u>**

133      During the course of this trial, you have heard the testimony

134  of people employed by the Government, including law enforcement

135  agents. Such witnesses do not stand in any higher station in the

136  community than other persons, and their testimony is not entitled

137  to any greater weight than that given to other witnesses.

138      A law enforcement agent who takes the witness stands subjects

139  his or her testimony to the same examination and the same tests

140  that any other witness does. In considering the testimony of a law

141  enforcement agent, you, the jury, should recall his or her demeanor

142  on the stand, his or her manner of testifying, and the substance

143  of his or her testimony, and then weigh and balance it just as

144  carefully as you would the testimony of any other witness.

145                          **<u>Number of Witnesses</u>**

146      Your decision on the facts of this case should not be

### INSTRUCTIONS OF LAW TO THE JURY

147  determined by the number of witnesses testifying for or against a
148  party. You should consider all the facts and circumstances in
149  evidence to determine which of the witnesses you choose to believe
150  or not believe. You may find that the testimony of a smaller number
151  of witnesses on one side is more credible than the testimony of a
152  greater number of witnesses on the other side.

153                    **A Defendant's Election Not to Testify**

154        As I have stated, the law does not compel a defendant in a
155  criminal case to take the witness stand and testify. In this case,
156  the Defendant Nitesh Ratnakar has exercised his right to remain
157  silent and elected not to testify. He is under no obligation to do
158  so, and you must not hold his silence against him in any way
159  because, again, it is the Government's burden to prove each
160  essential element of the charges against him beyond a reasonable
161  doubt.

162                         **Indictment Is Not Evidence**

163        As I earlier indicated to you, an indictment is but a formal
164  method of accusing a defendant of a crime. It is not evidence of
165  any kind against the Defendant and does not create any presumption
166  or permit any inference of guilt. It is merely the formal means by
167  which the Government accuses an individual of a crime in order to
168  bring that individual to trial. The Defendant has answered the
169  charges in this trial by pleading not guilty, and you must not be

**INSTRUCTIONS OF LAW TO THE JURY**

170  prejudiced against the Defendant because an indictment was filed.

171                         **Presumption of Innocence**

172      In resolving the issues before you, you must keep in mind

173  that, under the law of the United States, a defendant is presumed

174  to be innocent, and this presumption of innocence goes with the

175  Defendant at every stage of the trial. Thus, a defendant, although

176  accused, begins the trial with no evidence against him. The

177  presumption of innocence alone is sufficient to acquit a defendant,

178  unless you are satisfied beyond a reasonable doubt of the

179  Defendant's guilt after careful and impartial consideration of all

180  the evidence in the case.

181      In this case, as in every criminal case, the burden of proof

182  is upon the Government to establish, first, the fact that the

183  crimes charged were committed; and second, that the Defendant on

184  trial is guilty of the commission of the particular crimes with

185  which he is charged in the Indictment beyond a reasonable doubt.

186  This burden never shifts to the Defendant. It remains upon the

187  Government throughout the trial.

188                             **Other Acts**

189      The Defendant is not on trial for any acts or crimes not

190  alleged in the Indictment. Your job is limited to deciding whether

191  the Government has proven the crimes charged in the Indictment

192  beyond a reasonable doubt.

### INSTRUCTIONS OF LAW TO THE JURY

193                          **Reasonable Doubt**

194        It is not required that the Government prove guilt beyond all

195   possible doubt. The test is one of reasonable doubt. A reasonable

196   doubt means in law just what the words imply, a doubt based upon

197   reason and common sense. The meaning of reasonable doubt is self-

198   evident. Therefore, the Court will not attempt to further define

199   the term.

200                          **Location and Dates**

201        You will note that the Indictment charges that the offenses

202   were committed "on or about" a certain date. The proof need not

203   establish with certainty the exact date of the alleged offense. It

204   is sufficient if the evidence in the case establishes beyond a

205   reasonable doubt that the offense was committed on a date

206   reasonably near the date alleged.

207                          **The Indictment**

208        The Indictment in this case charges the Defendant, NITESH

209   RATNAKAR, with the following offenses. Each charge, and the

210   evidence pertaining to it, should be considered separately by the

211   jury. The fact that you may find the Defendant guilty or not guilty

212   as to one of the counts should not control your verdict as to any

213   other count.

214        **Counts One through Thirty-Eight** of the Indictment charge that

215   on or about the dates listed below, in Randolph County, in the

USA v. Ratnakar                                                    2:24-CR-4

## INSTRUCTIONS OF LAW TO THE JURY

216   Northern District of West Virginia, the Defendant, NITESH
217   RATNAKAR, did willfully fail to pay over to the Internal Revenue
218   Service the federal income taxes withheld and Federal Insurance
219   Contributions Act taxes due and owing to the United States on
220   behalf of WVGE and SANESO and their employees for the quarters
221   listed below, which he had caused WVGE and SANESO to deduct and
222   collect from the total taxable wages of WVGE's and SANESO's
223   employees and truthfully account for, during those quarters, in
224   the amounts listed below, with each calendar quarter constituting
225   a separate count of this Indictment:

| COUNT | DATE | QUARTER | COMPANY | TAX AMOUNT |
|-------|------|---------|---------|------------|
| 1 | May 24, 2018 | 201803 | WVGE | $89,686.74 |
| 2 | July 31, 2018 | 201806 | WVGE | $81,491.78 |
| 3 | October 31, 2018 | 201809 | WVGE | $77,945.29 |
| 4 | January 31, 2019 | 201812 | WVGE | $78,783.28 |
| 5 | August 28, 2019 | 201903 | WVGE | $82,748.56 |
| 6 | September 3, 2019 | 201906 | WVGE | $83,187.40 |
| 7 | October 31, 2019 | 201909 | WVGE | $74,196.09 |
| 8 | January 31, 2020 | 201912 | WVGE | $75,055.20 |
| 9 | April 30, 2020 | 202003 | WVGE | $54,864.94 |
| 10 | July 31, 2020 | 202006 | WVGE | $73,352.62 |
| 11 | October 31, 2020 | 202009 | WVGE | $78,130.98 |

**USA v. Ratnakar**                                                            **2:24-CR-4**

### INSTRUCTIONS OF LAW TO THE JURY

| 12 | January 31, 2021 | 202012 | WVGE | $82,312.91 |
| 13 | April 30, 2021 | 202103 | WVGE | $97,590.37 |
| 14 | July 31, 2021 | 202106 | WVGE | $92,089.36 |
| 15 | October 31, 2021 | 202109 | WVGE | $94,808.73 |
| 16 | January 31, 2022 | 202112 | WVGE | $95,931.75 |
| 17 | April 30, 2022 | 202203 | WVGE | $107,727.94 |
| 18 | July 31, 2022 | 202206 | WVGE | $79,429.28 |
| 19 | October 31, 2022 | 202209 | WVGE | $70,884.61 |
| 20 | April 30, 2018 | 201803 | SANESO | $20,246.17 |
| 21 | July 31, 2018 | 201806 | SANESO | $22,048.72 |
| 22 | October 31, 2018 | 201809 | SANESO | $22,387.12 |
| 23 | January 31, 2019 | 201812 | SANESO | $30,081.81 |
| 24 | April 30, 2019 | 201903 | SANESO | $29,329.82 |
| 25 | July 31, 2019 | 201906 | SANESO | $43,903.57 |
| 26 | October 31, 2019 | 201909 | SANESO | $65,411.16 |
| 27 | January 31, 2020 | 201912 | SANESO | $54,845.79 |
| 28 | April 30, 2020 | 202003 | SANESO | $45,799.63 |
| 29 | July 31, 2020 | 202006 | SANESO | $48,044.22 |
| 30 | October 31, 2020 | 202009 | SANESO | $52,683.70 |
| 31 | January 31, 2021 | 202012 | SANESO | $55,269.88 |
| 32 | April 30, 2021 | 202103 | SANESO | $49,503.99 |
| 33 | July 31, 2021 | 202106 | SANESO | $57,371.23 |

INSTRUCTIONS OF LAW TO THE JURY

| 34 | October 31, 2021 | 202109 | SANESO | $60,399.58 |
| 35 | January 31, 2022 | 202112 | SANESO | $44,430.41 |
| 36 | April 30, 2022 | 202203 | SANESO | $55,564.76 |
| 37 | July 31, 2022 | 202206 | SANESO | $50,559.77 |
| 38 | October 31, 2022 | 202209 | SANESO | $41,460.98 |

226
227  All in violation of Title 26, United States Code, Section 7202.

228      **Counts Thirty-Nine through Forty-One** of the Indictment charge

229  that for tax years 2020, 2021, and 2022, the Defendant, NITESH

230  RATNAKAR, fraudulently inflated his tax refund by falsely claiming

231  Form W-2 withholdings from WVGE in amounts higher than the tax

232  deposits WVGE made.

233      On or about the dates set forth below, in Randolph County, in

234  the Northern District of West Virginia, the Defendant, NITESH

235  RATNAKAR, did willfully make and subscribe U.S. Individual Income

236  Tax returns, Forms 1040, for himself, for the calendar years set

237  forth below, which were verified by written declarations that they

238  were made under the penalties of perjury and which he did not

239  believe to be true and correct as to every material matter. The

240  income tax returns, which were filed with the IRS, reported items

241  in the amounts set forth below, whereas, as he then and well knew,

242  these items, among others, were materially false:

| COUNT | OFFENSE DATE | YEAR | FALSE LINE ITEM |
|-------|--------------|------|-----------------|

### INSTRUCTIONS OF LAW TO THE JURY

| 39 | October 28, 2023 | 2020 | Federal Income Tax Withheld from Forms W-2 of $53,775.00 |
| 40 | October 28, 2023 | 2021 | Federal Income Tax Withheld from Forms W-2 of $53,775.00 |
| 41 | October 23, 2023 | 2022 | Federal Income Tax Withheld from Forms W-2 of $53,775.00 |

All in violation of Title 26, United States Code, Section 7206(1).

**Count Forty-Two** of the Indictment charges that on or about June 5, 2023, in Randolph County, West Virginia, in the Northern District of West Virginia, the Defendant, NITESH RATNAKAR, did corruptly attempt to obstruct, influence, and impede a Northern District of West Virginia grand jury investigation, an official proceeding, by causing the production of false and fraudulent Forms 941, Employer's Quarterly Federal Returns, for WVGE and SANESO in response to grand jury subpoenas issued as part of a Northern District of West Virginia grand jury investigation of the Defendant's tax practices. Specifically, the Defendant caused his return preparer to sign and backdate several Forms 941 that the Defendant then caused to be provided to the U.S. Attorney's Office for the Northern District of West Virginia as returns on subpoenas issued to WVGE and SANESO, in violation of Title 18, United States Code, Section 1512(c)(2).

### Relevant Background as to Counts One through Thirty-Eight

#### Taxability of Wages

## INSTRUCTIONS OF LAW TO THE JURY

264  The law imposes an income tax, a social security tax, and a
265  hospital insurance (Medicare) tax on the wages of individual
266  employees equal to a percentage of the wages earned by the
267  employee. To assist the Government in collecting these taxes, the
268  law requires every employer to deduct these taxes from wages paid
269  to employees and hold them in trust for the United States.
270  Furthermore, the withheld amounts must be deposited with an
271  authorized financial institution or Federal Reserve Bank, at
272  certain intervals that depend on the amounts withheld.

273  These "trust fund taxes" are for the exclusive use of the
274  government and are not to be held by the employee or the employer.

275  The law also imposes excise taxes on every employer for social
276  security and hospital insurance (Medicare) equal to a certain
277  percentage of the wages paid to the employee by the employer.

278              Requirement to Report Withholding of Income and Social
279                                Security Taxes
280
281  The law requires that employers file a Form 941, Employer's
282  Federal Quarterly Tax Return, each calendar quarter. The Form 941
283  reports the withholding of employee income, social security, and
284  Medicare taxes. The employer must file this Form 941 on or before
285  the last day of the first calendar month following the period for
286  which it is made. Thus, for the quarter ending March 31, the Form
287  941 is due by April 30; for the quarter ending June 30, the Form
288  941 is due by July 31; for the quarter ending September 30, the

### INSTRUCTIONS OF LAW TO THE JURY

289  Form 941 is due by October 31; and for the quarter ending December

290  31, the Form 941 is due by January 31.

291    <u>Requirement to Pay Over Withheld Taxes to the United States</u>

292        The law requires that an employer pay over the withheld income

293  and social security taxes, commonly known as "trust fund taxes,"

294  to the United States before the Form 941 quarterly tax return is

295  due. Once an employer has withheld an employee's wages, the

296  Government deems the employee to have paid the withheld taxes.

297            <u>**Elements of the Alleged Offenses**</u>

298    **Counts One through Thirty-Eight – Willful Failure to Pay Over**
299                            **Tax**
300
301        In order to sustain its burden of proof for the crime of

302  willful failure to pay over tax in violation of Title 26, United

303  States Code, Section 7202, as charged in **Counts One though Thirty-**

304  **Eight** of the Indictment, the Government must prove the following

305  essential elements beyond a reasonable doubt that:

306    **One:** the Defendant was a person who had a duty to collect,

307  truthfully account for, and pay over federal income and social

308  security taxes that the Defendant was required to withhold from

309  the wages of employees of West Virginia Gastroenterology &

310  Endoscopy PLLC, Saneso America Inc., and Saneso Inc. for each

311  respective calendar quarter alleged in Counts One through Thirty-

312  Eight of the Indictment;

313    **Two:** the Defendant failed to collect or truthfully account

### INSTRUCTIONS OF LAW TO THE JURY

314  for and pay over federal income and social security taxes that the

315  Defendant was required to withhold from the wages of employees of

316  West Virginia Gastroenterology & Endoscopy PLLC, Saneso America

317  Inc., and Saneso Inc. for each respective calendar quarter alleged

318  in Counts One through Thirty-Eight of the Indictment; and

319      **Three:** The Defendant acted willfully in failing to collect or

320  truthfully account for and pay over the taxes.

321      Each quarter in each count is to be considered separately by

322  you.

323          **Relevant Terms as to Counts One through Thirty-Eight**

324                            <u>"Willfulness"</u>

325      As to Counts One through Thirty-Eight, willfulness is defined

326  as the voluntary intentional violation of a known legal duty. A

327  defendant's conduct is not willful if it was due to negligence,

328  inadvertence, or mistake, or was the result of a good faith

329  misunderstanding of the requirements of the law.

330      If you find beyond a reasonable doubt that the Defendant

331  specifically intended to do something that is against the law and

332  voluntarily committed the acts that make up the crime, then the

333  element of "willfulness" is satisfied. Similarly, an omission or

334  failure to act is "willfully" done, if done voluntarily and

335  intentionally, and with the specific intent to fail to do something

336  the Defendant knows the law requires to be done; that is to say, with

### INSTRUCTIONS OF LAW TO THE JURY

337 intent either to disobey or to disregard the law.

338     Willfulness may also be proven by evidence that the Defendant
339 was "willfully blind" – that is that the Defendant deliberately and
340 purposely closed his eyes to avoid knowing what was taking place
341 around him.

342     <u>Person Required to Collect, Account For, and Pay Over Tax</u>

343     To have a "duty" with respect to a tax means the Defendant
344 was responsible for collecting, accounting truthfully for, or
345 paying over the tax. To be found guilty of the offense charged in
346 Counts One through Thirty-Eight of the Indictment, the Defendant
347 must have been a person required to collect, truthfully account
348 for, or pay over withheld federal income and Social Security
349 ("FICA") taxes.

350     An individual is such a person if he was an officer or
351 employee of a corporation or a member or employee of a partnership
352 of limited liability company or connected or associated with a
353 business entity in a manner such that he had the authority and
354 duty to assure that withholding taxes and social security taxes
355 were collected, accounted for, or paid over and when.

356     Responsibility is a matter of status, duty, or authority, not
357 knowledge. A responsible person need only have significant control
358 over the company finances, not exclusive control. A person has
359 significant control if he has the power and responsibility to

## INSTRUCTIONS OF LAW TO THE JURY

360  determine who would get paid and who would not. An individual may

361  be a responsible person regardless of whether he does the actual

362  mechanical work of keeping records, preparing returns, or writing

363  checks.

364       There may be more than one person connected with a

365  corporation, partnership, limited liability company, or business

366  entity who is required to collect, account for, and pay over

367  withholding taxes. If you find that the Defendant was not a

368  "responsible person," then you will not consider any other issue.

369  On the other hand, if you conclude that the Defendant was a

370  "responsible person," you must then decide whether the Defendant

371  acted "willfully" in the failure collect, truthfully account for,

372  and pay over taxes to the Government.

373  <u>Violation of Any One of the Three Duties is a Violation of the</u>
374  <u>Statute</u>
375
376       The Defendant may be found guilty of violating Section 7202,

377  of Title 26 of the United States Code if he had a duty to (1)

378  collect, (2) account for, or (3) pay over a tax and failed to

379  comply with any one of the above-mentioned duties. In other words,

380  the Government need not prove that the Defendant was responsible

381  for all three duties. It is enough to prove that the Defendant was

382  responsible for one of the three duties. Likewise, the Government

383  need only prove that the Defendant failed to comply with one of

384  the three duties for which he was responsible.

USA v. Ratnakar                                                    2:24-CR-4

## INSTRUCTIONS OF LAW TO THE JURY

**Counts Thirty-Nine through Forty-One – Filing False Income Tax Return**

In order to sustain its burden of proof for the crime of filing a false income tax return in violation of Title 26, United States Code, Section 7206(1), as charged in **Counts Thirty-Nine through Forty-One** of the Indictment, the Government must prove the following four essential elements beyond a reasonable doubt that:

**One:** the Defendant made, or caused to be made, and signed (subscribed) a tax return for the year in question containing a written declaration;

**Two:** the return was made under the penalties of perjury;

**Three:** the Defendant did not believe the return to be true and correct as to every material matter; and

**Four:** the Defendant acted willfully.

Each year and each count is to be considered separately by you.

**Relevant Terms as to Counts Thirty-Nine through Forty-One**

**"Signed"/ "Subscribed"**

As to Counts Thirty-Nine through Forty-One, the word "subscribed" simply means the signing of one's name to a document. You may infer and find that a tax return was, in fact, signed by the person whose name appears to be signed to it. You are not required, however, to accept any such inference or to make any such finding. If you find beyond a reasonable doubt from the

**INSTRUCTIONS OF LAW TO THE JURY**

411  evidence in the case that the Defendant signed the tax return in
412  question, then you may also draw the inference and may also find,
413  but are not required to find, that the Defendant knew of the
414  contents of the return that he signed.

415      A signature made in digital or other electronic form can be
416  treated the same as a handwritten signature.

417                    <u>"Under Penalties of Perjury"</u>

418      As to Counts Thirty-Nine through Forty-One, "under penalties
419  of perjury" means that the tax returns in question contained a
420  declaration that they were signed, including electronically
421  signed, under the penalties of perjury. A signature plus the
422  declaration is sufficient, and the document need not be witnessed
423  or notarized.

424                              <u>"False"</u>
425
426      As to Counts Thirty-Nine through Forty-One, a statement or
427  representation is false if it was untrue when made and was then
428  known to be untrue by the person making it, or if it was made with
429  reckless indifference as to its truth or falsity. An income tax
430  return may be false not only by reason of understatement of income,
431  but also because of an overstatement of lawful deductions or
432  credits or because deductible expenses are mischaracterized on the
433  return.

434                           <u>"Materiality"</u>

### INSTRUCTIONS OF LAW TO THE JURY

435     As to Counts Thirty-Nine through Forty-One, a statement or
436 representation is "material" if it has a natural tendency to
437 influence or is capable of influencing a decision or action of the
438 Internal Revenue Service. The test of materiality is whether a
439 particular item must be reported in order that the taxpayer
440 estimate and compute his tax correctly. The purpose of this law is
441 not simply to ensure that the taxpayer pay the proper amount of
442 taxes, but also to ensure that the taxpayer did not make
443 misstatements that could hinder the Internal Revenue Service in
444 carrying out such functions as the verification of the accuracy of
445 the return or of a related return. Thus, your determination of
446 materiality does not depend upon the amount of the unpaid tax. For
447 example, any failure to report income is material; the omission of
448 information necessary to compute income is material; and false
449 statements relating to gross income, irrespective of the amount,
450 constitute material misstatements.

451                             "Willfulness"

452     As to Counts Thirty-Nine through Forty-One, willfulness is
453 defined the same as previously explained for Counts One through
454 Thirty-Eight.

455 **Count Forty-Two – Obstruction of Justice – Corruptly Influence**
456 **Official Proceeding**
457
458     In order to sustain its burden of proof for the crime of
459 obstruction of justice, corruptly influencing an official

INSTRUCTIONS OF LAW TO THE JURY

460  proceeding, as charged in **Count Forty-Two** of the Indictment, the

461  Government must prove the following essential elements beyond a

462  reasonable doubt that:

463      **One:** the Defendant attempted to or did obstruct or impede an

464  official proceeding;

465      **Two:** the Defendant acted with the intent to obstruct or impede

466  the official proceeding;

467      **Three:** the Defendant acted knowingly, with awareness that the

468  natural and probable effect of his conduct would be to obstruct or

469  impede the official proceeding; and

470      **Four:** the Defendant acted corruptly.

471      With respect to the elements above, the term official

472  proceeding includes a proceeding before a federal grand jury.

473      A person acts "knowingly" if he realizes what he is doing and

474  is aware of the nature of his conduct, and does not act through

475  ignorance, mistake, or accident. In deciding whether a defendant

476  acted knowingly, you may consider all of the evidence, including

477  what the Defendant did or said.

478      To act "corruptly," a defendant must use unlawful means or

479  have an improper purpose, or both. The Defendant must also act

480  with "consciousness of wrongdoing." "Consciousness of wrongdoing"

481  means with an understanding or awareness that what the person is

482  doing is wrong.

### INSTRUCTIONS OF LAW TO THE JURY

483    While the Defendant must act with intent to obstruct the
484 official proceeding, this need not be the Defendant's sole purpose.
485 A defendant's unlawful intent to obstruct justice is not negated
486 by the simultaneous presence of another purpose for the Defendant's
487 conduct.

### Good Faith Defense to Willfulness

489    As to Counts one through Forty-One, the Defendant's conduct
490 would not be willful if you find that he acted in accordance with
491 a good faith misunderstanding of the law. The Defendant's views
492 need not be legally correct, just as long as he honestly and in
493 good faith really and truly believed and acted upon them. A good
494 faith misunderstanding of the law, as distinct from disagreement
495 with the law, is a defense.

496    A defendant may raise the defense of good faith if he acted
497 in reliance on the advice of a professional, such as an accountant.
498 To be entitled to rely on such advice as a theory of defense,
499 however, the Defendant must have disclosed all relevant facts to
500 his accountant. Moreover, the Defendant must show that he actually
501 relied on expert advice, that his reliance was in good faith and
502 that he followed the advice. If, however, the Defendant is advised
503 by the professional accountant that a contemplated course of action
504 complies with applicable tax law, but subsequently discovers the
505 advice is wrong or discovers reason to doubt the advice, the

### INSTRUCTIONS OF LAW TO THE JURY

506 Defendant cannot hide behind the professional accountant's advice

507 to escape the consequences of a violation.

508     The burden of proof is not on the Defendant to prove good-

509 faith intent because the Defendant does not need to prove anything.

510 The Government must establish beyond a reasonable doubt that the

511 Defendant acted willfully as charged. Evidence that the Defendant

512 acted in good faith may be considered by you, together with all

513 the other evidence, in determining whether or not he acted

514 willfully.

515                        **Investigative Techniques**

516     Some or all of you may have seen popular television shows

517 such as CSI or Law & Order. The TV standards, and the capabilities

518 of law enforcement as portrayed on TV and in the movies, do not

519 apply here to this trial. Witness testimony, if believed by you,

520 is sufficient to establish the charges in this case. Specific

521 investigative techniques, such as DNA and fingerprints, are not

522 required to be presented in order for you to find the Defendant

523 guilty of the charges in this case. Your concern is whether the

524 evidence which was admitted proved the Defendant's guilt beyond a

525 reasonable doubt.

526                              **Closing**

527     Finally, ladies and gentlemen, the verdict must represent the

528 considered judgment of each juror. In order to return a verdict,

## INSTRUCTIONS OF LAW TO THE JURY

529  it is necessary that each juror agree with it. Your verdict must

530  be unanimous.

531       It is your duty, as jurors, to consult with one another and

532  to deliberate with a view toward reaching an agreement, if you can

533  do so without sacrifice of conscientious conviction. Each of you

534  must decide the case for yourselves, but do so only after an

535  impartial consideration of the evidence in the case with your

536  fellow jurors. During your deliberations, do not hesitate to re-

537  examine your own views and change your opinion, if convinced it is

538  erroneous. But do not surrender your honest conviction as to the

539  weight or effect of the evidence, solely because of the opinion of

540  your fellow jurors, or for the mere purpose of returning a verdict.

541       Some of you have taken notes during the course of this trial.

542  Notes are only an aid to memory and should not be given precedence

543  over your independent recollection of the facts. A juror who did

544  not take notes should rely on his or her independent recollection

545  of the proceedings and should not be influenced by the notes of

546  other jurors.

547       If any reference by the Court or by counsel to matters of

548  evidence does not coincide with your own recollection, it is your

549  recollection which should control during your deliberations.

550       Remember at all times, you are not partisans. You are judges —

551  judges of the facts. Your sole interest is to seek the truth from

### INSTRUCTIONS OF LAW TO THE JURY

552 the evidence in the case.

553     You must not permit yourself to be influenced by sympathy,

554 passion, prejudice, or public sentiment for or against the accused

555 or the Government.

556     If the accused is proven guilty of the crimes alleged in the

557 Indictment beyond reasonable doubt, say so. If not so proven

558 guilty, say so.

559     Under the federal system of criminal procedure, you are not

560 to concern yourself in any way with the sentence that the Defendant

561 might receive if you should find him guilty. Your function is

562 solely to decide whether the Defendant is guilty or not guilty of

563 the charges against him. If, and only if, you find the Defendant

564 guilty, does it then become the duty of the Judge to pronounce the

565 sentence.

566     If it becomes necessary during your deliberations to

567 communicate with the Court, you may send a note by the United

568 States Marshal, signed by your foreperson, or by one or more

569 members of the jury. No member of the jury should attempt to

570 communicate with the Judge by any means other than a signed

571 writing. The Court will not communicate with any member of the

572 jury on any subject touching the merits of the case otherwise than

573 in writing, or orally here in open Court. Also, the Court will not

574 be able to give you transcripts of the evidence or testimony

**INSTRUCTIONS OF LAW TO THE JURY**

575  presented at trial. Therefore, you must make your findings upon
576  the evidence as you remember it.

577       Remember, the Judge can only answer questions of law.
578  Therefore, you should initially discuss the instructions of law
579  among yourselves before writing a question on the law. As well,
580  the jury's duty is to judge the facts only on the evidence
581  presented before you. The Judge cannot answer questions of fact or
582  re-open the case for additional evidence after the evidence is
583  closed.

584       Bear in mind also that you are never to reveal to any person,
585  not even to the Judge, how the jury stands, numerically or
586  otherwise, on the question of the innocence or guilt of the
587  Defendant, until after you have reached a unanimous verdict.

588       During your deliberations, you must not communicate with or
589  provide any information to anyone by any means about this case.
590  You may not use any electronic device or media, such as a
591  telephone, cell phone, smart phone, iPhone, iPad, tablet, or
592  computer; the internet, any internet service, or any text or
593  instant messaging service; or any internet chat room, blog, or
594  website such as Facebook, LinkedIn, Snapchat, Instagram, YouTube
595  or Twitter, to communicate to anyone any information about this
596  case or to conduct any research about this case until I accept
597  your verdict.

## INSTRUCTIONS OF LAW TO THE JURY

598        In addition, the local rules of this Court provide that after
599   conclusion of a trial, no party, his agent, or his attorney shall
600   communicate  or  attempt  to  communicate  with  you  concerning  the
601   jury's deliberations or verdict without first obtaining permission
602   from  me.  This  rule  does  not  prevent  you,  the  jury,  from
603   communicating  with  anyone  concerning  your  deliberations  or
604   verdict, but it prevents you from being contacted by others.

605        Upon retiring to the jury room, you should first select one
606   of your members to act as your foreperson, who will preside over
607   your deliberations and who will be your spokesperson here in open
608   Court.

609        Do not begin your deliberations until the clerk delivers to
610   your jury room the verdict forms and exhibits.

611        A verdict form has been prepared for you to use. You will
612   take this form to the jury room. When you have reached a unanimous
613   agreement as to your verdict, you will have your foreperson fill
614   in and sign the form that sets forth the verdict upon which you
615   unanimously agree. You will then return with your verdict to the
616   Courtroom.

617        Ladies and gentlemen, the attorneys will now present their
618   closing  arguments.  Then  the  case  will  be  ready  for  your
619   deliberation, and the Court's officer will conduct you to the jury
620   room.

**USA v. Ratnakar**                                                    **2:24-CR-4**

### INSTRUCTIONS OF LAW TO THE JURY

621