**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**UNITED STATES OF AMERICA,**

v.                                                             **Criminal Action No. 2:24-CR-04
(KLEEH)**

**NITESH RATNAKAR,**

              Defendant.

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S SUPPLEMENTAL MOTION FOR BOND**

Now comes the United States of America and Matthew L. Harvey, United States Attorney for the Northern District of West Virginia, by Eleanor F. Hurney and Jarod J. Douglas, Assistant United States Attorneys for said District, and files this response in opposition to Defendant Nitesh Ratnakar's Supplement to his Motion for Bond Pending Appeal. Doc. 156. The United States respectfully submits that Defendant Ratnakar's motion should be denied, first, as premature and, second, because he fails to identify a substantial question of law or fact likely to result in reversal or an order for a new trial as required to overcome the presumption of detention.

**I.**

Relevant here,[1] on November 19, 2024, following a multi-day jury trial, a federal jury returned a verdict of guilty on all tax counts in the indictment but not guilty of the single count of obstruction. Subsequently, on December 22, 2024, the defendant filed his Motion for New Trial in which he alleged that prior to jury selection, his wife and daughter were told that they were not permitted in the courtroom until after voir dire, and attached affidavits from his daughter, wife,

---

[1] For the sake of brevity, the United States will not set forth the entire procedural and factual history in this matter, which is set forth at length in the United States' responses to Defendant Ratnakar's post-trial motions. *See* Docs. 122, 123.

1

himself, and his attorneys. Doc. 115. On February 5, 2025, the government filed its Response in Opposition to Defendant's Motion for New Trial, arguing that – accepting the facts in the affidavits and as set forth as true – the argument failed as a matter of law. Doc. 122. On March 9, 2025, the defendant filed a reply. Doc. 132. On March 25, 2025, after briefing was completed on the post-trial motions, Ratnakar requested that the Court take evidence or hold an evidentiary hearing to "fully address the many issues raised in the post-trial motions." Doc. 134 at 2. On April 16, 2025, in advance of the then-scheduled sentencing, defendant Ratnakar filed a Conditional Motion for Release on Bond Pending Appeal. Doc. 138. On September 25, 2025, the defendant filed the Unopposed Motion of Defendant Nitesh Ratnakar for Leave to Supplement his Pending Motion for New Trial made Pursuant to Rule 33. Doc. 150. The United States filed a response, to which Ratnakar filed a reply. Docs. 151, 152.

On November 18, 2025, this Court entered an Order denying Ratnakar's post-trial motions and denying the request for hearing as moot. Doc. 153. This Court – the same court which oversaw Defendant Ratnakar's trial, including voir dire – thoroughly addressed each argument raised, including the voir dire argument the instant motion seeks to bolster. Specifically as to voir dire, the Court accepted the facts as set forth by Ratnakar, *see* Doc. 153 at 6–7, and noted that it does not have a practice of closing the courtroom during jury selection, that any exclusion was not sanctioned by the Court, that any closure was small in scope, and, critically, found that the affidavits of counsel suggest that they "observed who was in the courtroom and yet did not raise this issue." *Id.* at 16. Finally, the Court found that it was "suspect that these allegations were not brought forth until after the jury returned its verdict." *Id.* Subsequently, Defendant Ratnakar filed a supplement to his motion for bond – which had been filed as contingent on the Court's decision on his pending post-trial motions, Doc. 138 – building again on his argument that he has raised substantial questions which satisfy 18 U.S.C. § 3143(b)(1)(B)'s mandate.

2

## II.

Defendant Ratnakar's pending motions for release pending appeal should be denied, as the motions are premature and fail on the merits.

### A. Ratnakar has not been sentenced, therefore any motion for release is premature.

As an initial matter, Ratnakar's motion – contingent or otherwise – is premature, as he is not serving a sentence pending appeal. Rather, Ratnakar stands guilty and is pending sentencing. There are several outstanding matters which the government anticipates will be litigated and resolved at sentencing which Ratnakar may wish to raise on appeal. On this ground, Ratnakar's motions should be denied as premature. The interests of judicial efficiency and docket management are certainly better served by filing such a request once the matter is ripe by, for example, requesting a self-report date, and filing a single motion for release on bond pending appeal rather than filing a premature motion which requires scattershot supplementation and piecemeal responses by the United States.

### B. Ratnakar cannot overcome the presumption of detention pending appeal.

But, regardless, the United States respectfully submits that Ratnakar has failed to raise a substantial question of law or fact which is likely to result in remand or a new trial.[2] Ratnakar currently stands convicted of multiple federal crimes and, after his sentencing on January 28, 2026, will have been sentenced.[3] In that position, the presumption is that he be detained.

---

[2] The United States does not dispute that this appeal is not taken for the purposes of delay. Ratnakar has been consistent throughout proceedings of his intent to appeal and there is no basis on which to believe his appeal would be for the purposes of delay. Further, the United States does not allege that, given Ratnakar's behavior while on pretrial release, there is a risk of danger or flight.

[3] As Ratnakar appears to recognize in his supplemental motion, his request could be moot if the Court were to impose a sentence without a term of imprisonment. The United States strenuously objects to such a sentence and intends to argue for a sentence with a term of imprisonment. However, the possibility Ratnakar recognizes – and argues for – in his supplemental motion underscores the prematurity of his motions.

Pursuant to 18 U.S.C. § 3143(b), a district court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment" be detained unless the district court makes two findings. First, the district court must find "by clear and convincing evidence that the person is not likely to flee or pose a danger to the community if released under section 3142(b) or (c) of this title." *Id.* § 3143(b)(1)(A). Second, the district court must find that

> the appeal is not for the purpose of delay *and* raises a *substantial* question of law or fact likely to result in –
>   (i) reversal,
>   (ii) an order for a new trial,
>   (iii) a sentence that does not include a term of imprisonment, or
>   (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1)(B) (emphases added).

"[A]fter finding that the appeal is not taken for the purpose of delay," two questions remain: "First, whether the question presented on appeal is a 'substantial' one. Second, if decided in favor of the accused, whether the substantial question is important enough to warrant reversal or a new trial on all counts for which the district court imprisoned the defendant." *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991) (per curiam) ("adopt[ing] the procedure first announced in *United States v. Miller*, 753 F.2d 19 (3d Cir. 1985)").

A "substantial question" is defined as "a 'close' question or one that very well could be decided the other way." *Steinhorn*, 927 F.2d at 196 (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985) (cleaned up)). "Likely to result in reversal or an order for a new trial" has been interpreted "as going to the significance of the substantial issue to the ultimate disposition of the appeal. A question of law or fact may be substantial but may, nonetheless, in the circumstances of a particular case, be considered harmless, to have no prejudicial effect, or to have been insufficiently preserved." *Miller*, 753 F.2d at 23.

### i. Ratnakar's challenges to the sufficiency of the evidence and evidentiary rulings are neither substantial questions nor ones likely to result in reversal or a new trial.

Ratnakar argues, further, that the district court erred in excluding Ratnakar's post-investigation tax payments and that such ruling "effectively prohibited Dr. Ratnakar from presenting his defense to the tax charges contained in the indictment." Doc. 138 at 19.

Here, considering the arguments raised and the standard of review on appeal, it is clear Ratnakar has not raised a substantial question of law or fact – a close question or one which could be decided either way – by "merely rehash[ing] the same arguments the Court has already decided." *United States v. Black*, 737 F.Supp. 359, 361 (W.D.N.C. 1990); *see also United States v. Geddings*, 497 F. Supp. 2d 729, 732 (E.D.N.C. 2007). Indeed, each of the issues Ratnakar raises – with the exception of the jury issue, which the United States separately addresses below – are decisions well within the broad discretion of the district court under settled law. *See, e.g.*, *United States v. Legins*, 34 F.4th 304, 316 (4th Cir. 2022) (recognizing defendant cannot "challenge his conviction merely because it is inconsistent with a jury's verdict of acquittal on another count." (internal quotation marks omitted)); *United States v. Smith*, 451 F.3d 209, 217 (4th Cir. 2006) ("[A] trial court should exercise its discretion to award a new trial sparingly, and a jury verdict is not to be overturned except in the rare circumstance when the evidence weighs heavily against." (internal quotation marks omitted)); *United States v. Jackson*, 126 F.4th 847, 863 (4th Cir. 2025) ("District courts have broad discretion in all rulings related to the admission and exclusion of evidence, and this Court will not reverse the decision to exclude such evidence absent abuse of that discretion." (internal quotation marks omitted)); *see also id.* n.13 (applying abuse of discretion and rejecting argument for de novo review where defendant argued exclusion of evidence denied right to present complete defense); *United States v. Huskey*, 90 F.4th 651, 662 (4th Cir. 2024) ("In resolving a sufficiency challenge, we view the evidence in the light most favorable to the

prosecution and assume the jury resolved all credibility disputes or judgment calls in the government's favor." (internal quotation marks omitted)).

Considering the standards of review as to each of the myriad of issues Ratnakar raised and the thorough dispatching of each issue as set forth by the Court, there is simply no close question or issue which could go either way. Ratnakar's motion should be denied on this ground.

### ii. Ratnakar's argument as to the jury closure issue fails to raise a "close question" or one which is likely to result in reversal or a new trial.

Ratnakar's supplemental motion seeks to add further argument on whether the alleged exclusion from voir dire of his family members constitutes a substantial question of law or fact from which it is likely a new trial or remand will result. Ratnakar's motion and supplemental motion ignore key issues, however: first, the factual findings underlying the Court's ruling are not clearly erroneous – nor were they contested – and the district court's finding that the alleged closure was too trivial to implicate the values served by the Sixth Amendment is consistent with the majority approach and Fourth Circuit precedent; and, second, Ratnakar forfeit the issue by failing to raise it, subjecting him to plain error review.

**1.**

In *Waller v. Georgia*, the Supreme Court, recognizing the need to balance the constitutional right to a public trial with legitimate overriding interests, set forth an analysis for courts to apply when closing a courtroom "over the objections of the accused." *Waller*, 467 U.S. 39, 47 (1984); *see also Presley v. Georgia*, 558 U.S. 209, 213 (2010) (public trial right includes jury selection). Where a courtroom closure is partial, a less stringent test applies and the party seeking closure need show only a substantial reason. *United States v. Mallory,* 40 F.4th 166, 177 (4th Cir. 2022). A violation of a defendant's Sixth Amendment right to a public trial is a structural error which,

when raised on direct appeal, requires reversal. *Weaver v. Massachusetts*, 582 U.S. 286 (2017).[4] Following *Waller*, the Second Circuit Court of Appeals ruled that an unjustified, but minor closure was too "trivial" to implicate the Sixth Amendment. *See Peterson v. Williams*, 85 F.3d 39, 42 (2d Cir. 1996) (where court briefly neglected to reopen after undercover officer's testimony, while defendant testified, closure was for at most twenty minutes and was corrected when judge was alerted); *see also id.* at 42–43 ("Other courts have made analogous distinctions. They too have held that a temporary closure may, at times, not violate the Sixth Amendment." (citing *Snyder v. Coiner*, 510 F.2d 224 (4th Cir. 1975)); *United States v. Al-Smadi*, 15 F.3d 153, 154–55 (10th Cir. 1994) ("The denial of a defendant's Sixth Amendment right to a public trial requires some affirmative act by the trial court meant to exclude persons from the courtroom.").

Since *Peterson*, a majority of the Courts of Appeals have applied or continued to apply the triviality standard. *See, e.g.*, *United States v. Gupta*, 699 F.3d 682, 688 (2d Cir. 2012); *United States v. Perry*, 479 F.3d 885, 890 (D.C. Cir. 2007); *United States v. Scott*, 564 F.3d 34, 39 (1st Cir. 2009), *abrogated by Rehaif v. United States*, 588 U.S. 225 (2019); *United States v. Greene*, 431 F. App'x 191, 195 (3d Cir. 2011) (noting, "[c]ourts have continued to conduct triviality analyses in the wake of *Presley*'s holding that the Sixth Amendment extends to *voir dire* proceedings."); *United States v. Izac*, 239 F. App'x 1, 4 (4th Cir. 2007) (where defendant's wife –

---

[4] Ratnakar asserts that, "[i]n *Weaver*, the government did not oppose the finding that the inadvertent closure of the entire voir dire was a structural error. The government should not take a conflicting position in the instant case, where the closure was substantially similar to *Weaver*." Doc. 156 at 5. Of note, the United States was amicus curiae in *Weaver* and addressed a sole question, whether a petitioner who asserted a claim of ineffective assistance of counsel for failing to raise an objection that, had it been preserved, would constitute a structural error must satisfy the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984). As the United States noted during oral argument in *Weaver*, "this case has been litigated on the assumption that there was a Sixth Amendment violation here. If this was our own case, there is a triviality exception to the Sixth Amendment public-trial right that's recognized in the federal courts. We've actually taken the position in – in various cases that a courtroom closure during voir dire is not a Sixth Amendment violation because it doesn't undermine the – the purposes of the public trial right." *Weaver v. Massachusetts*, No. 16-240, Transcript of Oral Argument at 52 (Apr. 19, 2017), *available at* https://www.supremecourt.gov/oral_arguments/argument_transcripts/2016/16-240_nkp1.pdf. The respondent in *Weaver* was the State of Massachusetts. The United States' position here is neither inconsistent with its position as amicus in *Weaver* nor binds it from a position consistent with the law and the facts in this case.

a possible defense witness – was excluded from jury selection, noting, "[w]hile a defendant generally has a Sixth Amendment right to a public trial, in certain situations the exclusion of a member of the public can be too trivial to amount to a violation of the Sixth Amendment."); *United States v. Arellano-Garcia*, 503 F. App'x 300 (6th Cir. 2012) ("But courts have consistently refused to find Sixth Amendment violations when a courtroom closure is so limited as to be trivial."); *United States v. Anderson*, 881 F.3d 568, 573 (7th Cir. 2018); *United States v. Ivester*, 316 F.3d 955, 959–60 (9th Cir. 2003) (applying the "widely-accepted *Peterson* test"); *see also United States v. Veneno*, 94 F.4th 1196, 1204 (10th Cir. 2024) (*Waller* obligation not triggered until defendant objects, distinguishing *Presley* as, "[t]here, defense counsel objected before the district court excluded an individual from voir dire proceedings." (emphasis in original)).

The crux of the analysis is whether the closure implicated the "values that the right to a public trial serves," *Ivester*, 316 F.3d at 960, which are: "(1) to ensure a fair trial, (2) to remind the prosecutor and judge of their responsibility to the accused and the importance of their functions, (3) to encourage witnesses to come forward, and (4) to discourage perjury." *Peterson*, 85 F.3d at 43; *see also Waller*, 467 U.S. at 46–47 (summarizing values); *see also Brown v. Kuhlmann*, 142 F.3d 529, 536 (2d Cir. 1998) (brief inadvertent closure of an otherwise public trial "even if unjustified, hardly turned it into an 'instrument[] of persecution.'" (quoting *In re Oliver*, 333 U.S. 257, 270 (1948)). Considering these values, although a district court's knowledge is not dispositive, it is certainly *relevant* in determining whether an alleged closure impacted the Sixth Amendment's protections.

Courts of Appeals have found violations to be too trivial to impact the Sixth Amendment's protections where a building's public hours inadvertently prevented public access to a trial that ran past business hours, *Anderson*, 881 F.3d at 575, excluded a potential witness without making the requisite findings, *Izac*, 239 F. App'x at 4, where a bailiff prevented entry and exit during argument

8

until the court learned of and corrected the issue, *Coiner*, 510 F.2d at 230, where the courthouse was briefly closed without any of the parties noticing, *Al-Smadi*, 15 F.3d at 154–55, and where parties' family members were excluded due to capacity or seating availability, *Greene*, 431 F. App'x at 193–94; *see also United States v. Patton*, 502 F. App'x 139, 141–42 (3d Cir. 2012).

By contrast, where a district court excludes the public by inaction and common practice despite a prior appellate opinion recognizing the error, *United States v. Negron-Sostre*, 790 F.3d 295 (1st Cir. 2015), excludes a defendant's family members during the testimony of an undercover agent who provided the most significant evidence upon which the defendant was convicted, *Smith v. Hollins*, 448 F.3d 533 (2d Cir. 2006), or intentionally excludes the public without a permissible basis, *United States v. Gupta*, 699 F.3d 682 (2d Cir. 2012), the closure has clearly implicated the protections afforded by the Sixth Amendment and cannot be deemed trivial.

In ruling on Ratnakar's motion for new trial, the district court made the following findings: (1) "the Court does not have a practice of closing the courtroom during jury selection proceedings"; (2) the Court was not aware of nor sanctioned any exclusion or closure; (3) the affidavits "do not prove that the courtroom was completely closed during voir dire," e.g., that the "court doors were sealed" or "that the Ratnakars observed others being excluded from the courtroom"; (4) any closure was so insignificant that the three attorneys at Ratnakar's table did not notice; and (5) that any closure was for, at most, a few hours out of a six-day trial. Doc. 153 at 16–17. Considering all of this, the Court concluded that any closure was too trivial to implicate the protections of the Sixth Amendment.

These findings, drawn from the undisputed facts[5] and this Court's own observations as the presiding trial court, are not clearly erroneous. The application of the law to these facts is not a

---

[5] Ratnakar's motion for a new trial was supported by affidavits from himself, his wife and daughter, and his attorneys; the government accepted these facts for the purposes of the motion; the Court accepted these facts for the purposes of deciding the motion. There were no factual issues in dispute for the Court to decide. Only in reply and by separate

9

"close question" or one which could go either way; rather, as set forth above, the Court's decision followed the law as applied by the Circuit Courts of Appeals which have addressed this issue. This Court found that there is no evidence that the courtroom was closed to the public generally –that the public as a whole was excluded or that the doors to the courtroom were sealed. Rather, the evidence indicates two people, Michelle and Sarah Ratnakar, believed that they were not permitted in the courtroom. The Court found that any actions or statements which caused this belief were not known to, directed by, or sanctioned by the Court. Thus, the Court found the alleged closure was limited in scope – it did not exclude the general public, and lasted, at most, only a few hours out of a six-day trial – and was not an intentional exclusion. The Court need not resolve a circuit split or decide whether a presiding court's intent is irrelevant or not – under the facts of this case, there is no substantial question of law or fact present.

## 2.

Finally, counsels' failure to timely raise the issue both supports the district court's finding of triviality and, critically, subjects the matter to plain error review on appeal.

The district court, after reviewing the affidavits of Defendant Ratnakar's counsel, noted that although a defendant is not expected to understand the breadth of his rights, his attorneys are. The Court found that defense counsel observed the goings on in the courtroom during jury

---

motion did Ratnakar request any sort of evidentiary hearing. *See* Doc. 132 at 32 ("Defendant also requests an evidentiary hearing to place on the record why court personnel closed the courtroom to the public, including Dr. Ratnakar's wife and daughter during voir dire."); Doc. 134 at 1–2 ("Defendant's post-trial motions are lengthy and present significant factual and legal issues. Defendant believes that a full post-trial motion hearing, in advance of the sentencing hearing, is necessary so that Defendant can fully address the many issues raised in the post-trial motions."). Notably, Ratnakar argued at length that the intent behind a closure was irrelevant to the Court's decision. *See, e.g.*, Doc. 132 at 11 ("The record is not clear why the courtroom was closed. However, whether the closure was intentional or inadvertent is irrelevant."). Here, even had Ratnakar timely requested an evidentiary hearing, the Court was well within its discretion to deny such request, as the undisputed facts – presented by Ratnakar, and accepted by the government – were sufficient, along with "the acumen gained . . . over the course of the proceedings," *United States v. Tzeuton*, 370 F. App'x 415, 422 (4th Cir. 2010) ("'the acumen gained by a trial judge over the course of the proceedings' makes the court 'well qualified' to rule on a motion for a new trial without an evidentiary hearing.") (quoting *United States v. Hamilton*, 559 F.2d 1370, 1373–74 (5th Cir. 1977)), for the Court to decide the motion. *See United States v. Smith*, 62 F.3d 641, 651 (4th Cir. 1995) ("Just as the district court has broad discretion in resolving a new trial motion, so too does it enjoy discretion whether to hold an evidentiary hearing on the motion.").

selection and, if there was an issue, should have raised the matter. *See* Doc. 153 at 16. Indeed, the Court noted that there were "three attorneys at counsel's table" and "could have and should have raised this issue during jury selection." *Id.* As the Court pointed out, counsels' affidavits state "that they were unaware of the routine practice of the courtroom staff" which "implies that they observed who was in the courtroom and yet did not raise this issue." *Id.*

The failure to timely object, even in the context of a structural error, constitutes forfeiture and, therefore, review on appeal is for plain error. *See United States v. Ramirez-Castillo*, 748 F.3d 205, 215 (4th Cir. 2014) (applying plain error review); *see also id.* (a structural error "necessarily affects substantial rights, satisfying *Olano*'s third prong."); *United States v. Laffitte*, 121 F.4th 472, 484 (4th Cir. 2024) ("forfeiture refers to a party's inadvertent failure to raise an argument." (internal quotation marks omitted)); *United States v. Negron-Sostre*, 790 F.3d 295, 301 (1st Cir. 2015) ("Because defendants did not object to the exclusion at the time of trial, 'we review only for plain error.'"); *United States v. Santos*, 501 F. App'x 630, 632 (9th Cir. 2012) (finding forfeiture where "the defendants did not object to any closure during voir dire and did not complain about the total closure of the courtroom during voir dire until more than a year after trial. The defendants, however, knew or should have known of any closure at the time it happened.").

Ratnakar thus bears the burden of establishing that each prong is met before the Fourth Circuit will have "the discretion to correct such an error but will do so only when the error seriously affects the fairness, integrity or public reputation of the judicial proceedings." *United States v. Perdue*, 110 F.4th 662, 668 (4th Cir. 2024) (internal quotation marks omitted). "Central to this inquiry is a determination of whether, based on the record in its entirety, the proceedings against the accused resulted in a fair and reliable determination of guilt." *United States v. Cedelle*, 89 F.3d 181, 186 (4th Cir. 1996); *United States v. Promise*, 255 F.3d 150, 161, 162 (4th Cir. 2001) (en banc) ("The mere fact that a forfeited error affects substantial rights does not alone warrant the

exercise of our discretion" and noting, "It is appropriate to refuse to notice a plain error when evidence of guilt is overwhelming.").

As laid forth above, the Courts of Appeals have routinely applied the triviality exception as did this Court in reaching the conclusion that the alleged closure in this case was limited in scope and duration based on undisputed facts. This Court's decision is consistent with the law in the Fourth Circuit and in the other Courts of Appeals which have addressed this issue. *See Coiner*, 510 F.2d at 224; *Izac*, 239 F. App'x at 4. And, although Ratnakar obviously need not prove prejudice in the context of a structural error, *see Peterson*, 85 F.3d at 42 (distinguishing harmless error analysis from triviality standard), the fact that the alleged closure was so limited that neither the parties nor the Court were aware is further evidence that the values protected by the Sixth Amendment were not implicated. The overwhelming evidence of guilt presented – as addressed in detail in the government's response in opposition to the motion for judgment of acquittal, and as addressed in this Court's order denying Ratnakar's post-trial motions, Doc. 153 – lends further support to the position that this issue is not a "close question." *See Promise*, 255 F.3d at 162.

In sum, the issue raised is not a substantial one of law or fact likely to result in a new trial or a vacatur, particularly considering the Court's finding regarding counsels' failure to preserve the issue. *See Miller*, 753 F.2d at 23 ("A question of law or fact may be substantial but may, nonetheless, in the circumstances of a particular case, be considered harmless, to have no prejudicial effect, *or to have been insufficiently preserved*." (emphasis added)); *see also Ramirez-Castillo*, 748 F.3d at 215 (applying plain error in the context of structural errors).

### III.

For the aforementioned reasons, the United States respectfully requests this Court deny defendant Ratnakar's motions for bond pending appeal.

                                          Respectfully submitted,

                                          MATTHEW L. HARVEY
                                          UNITED STATES ATTORNEY

By:     /s/ Eleanor F. Hurney
           Eleanor F. Hurney
           Assistant United States Attorney

and

           /s/ Jarod J. Douglas
           Jarod J. Douglas
           Assistant U. S. Attorney

## CERTIFICATE OF SERVICE

I, Eleanor F. Hurney, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that on January 14, 2026, the foregoing *United States' Response in Opposition to Defendant's Supplemental Motion for Bond* was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

          MATTHEW L. HARVEY
          UNITED STATES ATTORNEY

By:   /s/ Eleanor F. Hurney
      Eleanor F. Hurney
      Assistant United States Attorney